■ In the Matter of JEROME TOLDEN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered March 30, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul

a determination of the Superintendent of the Coxsackie Correctional Facility in a disciplinary proceeding. Petitioner is an inmate at the Coxsackie Correctional Facility. On June 11, 1980, a misbehavior report was filed against him. Petitioner completed a superintendent's proceeding notice and assistance form on which he answered the question "[d]oes inmate request that witnesses be interviewed?" with "no". At the subsequent superintendent's proceeding, however, petitioner asked the hearing officer to interview a witness. The officer promptly adjourned the hearing, interviewed the witness out of petitioner's presence, and then resumed the hearing with petitioner. All the charges were affirmed, and petitioner was given 21 days' confinement in the special housing unit and loss of package privileges, and 60 days' loss of good behavior allowance. Thereafter, petitioner brought the instant article 78 proceeding, contending that he was denied due process at the hearing since he was not allowed to call and examine his own witness or be present when his witness was examined by the hearing officer, and that his punishment was excessive. Special Term dismissed the petition, and this appeal followed. Initially, we reject petitioner's contention that when an inmate merely avails himself of the right afforded under 7 NYCRR 253.3 to have witnesses interviewed, he is entitled under *Powell v Ward* (487 F Supp 917, 929, mod on other grounds and affd 643 F2d 924, cert den 454 US 832) to be present or to receive a tape or transcript of the interview or a written explanation for any denial of it. This right only obtains when an inmate calls a witness on his behalf at a disciplinary hearing (see *Hasan Jamal Abdul Majid v Henderson,* 533 F Supp 1257, 1273). However, in addition to this contention, petitioner also avers that he was never informed of the right to call witnesses at his disciplinary hearing. That right is one of those guaranteed under *Wolff v McDonnell* (418 US 539, 566) and is not waivable unless petitioner was advised of it (see *Boykin v Alabama,* 395 US 238; *Johnson v Zerbst,* 304 US 458, 464; *Lawrence v Smith,* 451 F Supp 179, 187; *Powell v Ward,* 487 F Supp 917, 928, *supra; Powell v Ward,* 392 F Supp 628, 632, mod on other grounds and affd, 542 F2d 101; *Matter of Santana v Coughlin,* 90 AD2d 947). The record here fails to establish that petitioner was so advised. The notice and assistance form with which petitioner was furnished did not contain this information (cf. *Hasan Jamal Abdul Majid v Henderson, supra,* p 1268) and there is nothing else in the record to indicate any such notification by the prison authorities or knowledge on petitioner's part. Therefore, petitioner's hearing was constitutionally defective and the determination at issue must be annulled. Judgment reversed, on the law and the facts, without costs, petition granted, and determination annulled. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.