■ In the Matter of RAUL SANTANA, Appellant, v THOMAS A. COUGHLIN, III., as Commissioner of the New York State Department of Correctional Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered October 16, 1981 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination made at a superintendent's proceeding, which found that petitioner violated disciplinary rules. Petitioner was an inmate at Coxsackie Correctional Facility on September 1, 1980, when, as a result of an altercation occurring on that date, a misbehavior report was filed charging petitioner with the disciplinary offenses of "assault" (1.15) and "dangerous weapon" (1.32). An adjustment committee recommended that a superintendent's proceeding be commenced against him after which the charges were affirmed and a penalty of 120 days' confinement in the special housing unit, 120 days' loss of commissary rights and 6 months' loss of good-time allowance was imposed. After the determination was upheld upon automatic administrative review, petitioner commenced this CPLR article 78 proceeding seeking to vacate the superinten-

dent's proceeding determination. Special Term dismissed the petition and this appeal ensued. On this appeal, petitioner contends, *inter alia,* that the translation rendered by an interpreter at the superintendent's meeting was so deficient and inaccurate as to deprive him of a fair hearing and of his due process rights. He also contends that the failure to advise him of his right to call witnesses on his own behalf deprived him of due process. The judgment entered at Special Term should be reversed, the petition granted, and the superintendent's proceeding determination annulled. Petitioner's native language is Spanish. He apparently speaks or understands no more than very simple English. An interpreter was used when he was initially interviewed by his correction counselor, Mr. Sumigray. Petitioner requested an interpreter for his superintendent's proceeding and one was furnished. However, the interpreter, Correction Officer Perez, did not translate the exact questions asked nor the exact responses given by the hearing officer and the petitioner, respectively. This resulted in an inaccurate translation and could well have affected the course of the hearing and the disposition made by the hearing officer, especially the extent of the penalty inflicted. Petitioner was asked again, after he had said the charges were true, whether he had cut the inmate. He replied that he did not know if he cut him. He was then asked in Spanish: "But you attempted to cut him?" Petitioner's reply, again in Spanish was: "I wasn't going to cut him. What happened is, you know, I got punched. I then tried to cut him. I don't know if I cut him or not, because the C.O. grabbed me." Instead of the foregoing answer, the interpreter gave this English translation: "He swung at the inmate with a razor, but he didn't know if actually he did cut him or not. How bad was the wound or anything." This omission of material information came at a crucial stage of the hearing. Had the hearing officer been informed of petitioner's actual answer, that he was punched first and that he was not going to cut the inmate before that, he might have questioned petitioner further along that line and substantiated a justification defense or at least there might have been shown substantial mitigating circumstances. Petitioner had earlier stated that inmate Lovitt was "bigger" than he and "too big to fight". Petitioner also earlier stated to Mr. Sumigray that he was being periodically assaulted by Lovitt and his friends. The translation also contained other inaccuracies. Earlier in the interview the interpreter was supposed to ask petitioner, in reference to the charges, "does he admit them or deny them?" Instead, the interpreter asked, "Are they true or false?" Petitioner answered that they were true. Later in the hearing, the interpreter was told to read to petitioner the statement correction counselor Sumigray had put on the notice and assistance form. However, the interpreter instead merely asked a question referring to a portion of the statement. The lack of accuracy and the omissions in the translation so permeate the hearing proceedings as to cast doubt on whether petitioner knowingly admitted to the assault as charged. The deficient translation taints the entire hearing. Further, petitioner's contention that he was denied his due process rights when he was not informed of his right to call witnesses at his disciplinary hearing has merit. The right of an accused to call witnesses on his or her behalf is provided for in 7 NYCRR 253.4 (b) (1) and under *Powell v Ward* (487 F Supp 917, mod on other grounds and affd 643 F2d 924, cert den 454 US 832). In *Wolff v McDonnell* (418 US 539, 566), the Supreme Court stated: "We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." This constitutional right is not waivable in the absence of petitioner's being informed of its existence (*Matter of Tolden v Coughlin,* 90 AD2d 929; see *Fuentes v Shevin,* 407

US 67, reh den 409 US 902; *Boykin v Alabama,* 395 US 238; *Matter of Moskowitz [Hynes],* 48 AD2d 804, 805). It is apparent from this record that petitioner was not informed of this right. It was not written on his formal charge, nor on his notice and assistance form. The form used in this case only asks whether the inmate wants witnesses interviewed by his assistant, not whether he wants them called at the superintendent's hearing. Mr. Sumigray's affidavit, dated June 24, 1981, almost 10 months after the date he interviewed petitioner, in which he states only that "when questioned about any possible witnesses, inmate or otherwise, he declined", is insufficient to establish that petitioner made a knowing and intelligent waiver of his right to call witnesses at his later disciplinary hearing. This view is reinforced by the fact that Sumigray left blank the space provided on the notice and assistance form to indicate whether the inmate requested witnesses be interviewed or not. Upon this record we must conclude that petitioner's due process rights as guaranteed by the Constitution and the applicable agency regulations were violated, and annulment of the determination is, therefore, required (*Matter of Williams v LeFevre,* 90 AD2d 579; *Matter of Johnson v Smith,* 83 AD2d 721, 722; *Matter of Longo v Fogg,* 71 AD2d 955). Judgment reversed, on the law and the facts, without costs, petition granted, and determination annulled. Mikoll, Weiss and Levine, JJ., concur; Sweeney, J. P., and Yesawich, Jr., J., concur in the result only.