■ In the Matter of GEORGE COOK, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Correctional Services which found that petitioner violated certain disciplinary rules. Petitioner, an inmate at Great Meadow Correctional Facility, was charged with the disciplinary offenses of "assault" and possession of a "dangerous weapon" stemming from an incident on April 8, 1982 in which another inmate, one Quiles, was stabbed four times with a sharp piece of metal. Petitioner was found guilty of the charges after a superintendent's proceeding and was given a disposition of 365 days in special housing, 180 days' loss of commissary and package privileges, and a recommended loss of 365 days of good time. This CPLR article 78 proceeding to challenge that determination ensued. Petitioner initially asserts that the superintendent's proceeding was a nullity since there was a failure to interview any employees who witnessed or had direct knowledge of the incident, in violation of 7 NYCRR 253.4 (c).[*] This regulation provided that a hearing officer "shall interview one or more employees who witnessed or have direct knowledge of the incident". Petitioner construes this provision as indicating that, absent an employee eyewitness, the entire procedure is per se deficient. We decline to give the regulation such an impractical construction. Clearly, a hearing officer is required to conduct an employee interview, instead of simply reviewing a written report, but only where such a direct witness actually exists (*Matter of Hilton v Dalsheim,* 81 AD2d 887). To adopt petitioner's rationale would provide an inmate with immunity for any unwitnessed

---

[*] Effective June 15, 1983, the procedures for implementing standards of inmate behavior have been restructured (7 NYCRR parts 250-254). The specific provision of 7 NYCRR 253.4 (c) requiring the production of "one or more employees who witnessed or have direct knowledge of the incident" has been deleted. A counterpart may be found in 7 NYCRR 251-1.4 (b) which requires misbehavior reports to be prepared by "the employee who has observed the incident *or* who has ascertained the facts" (emphasis added).

violation, a result neither required nor intended by the regulation. Moreover, although prison officials were unable to produce any direct employee witnesses, the transcript demonstrates that all employee witnesses with any knowledge of the incident were interviewed. These circumstances prevailing, we find no violation of petitioner's due process rights on this basis. More troublesome, however, is petitioner's contention that he was denied a fair hearing. The transcript reveals that petitioner openly admitted the act of disarming and stabbing Quiles, but only after the latter came at him with a knife while proceeding to dinner. Petitioner stated that Quiles had attempted to extort him and conceded that they had an argument earlier that day. Nonetheless, petitioner steadfastly maintained that he acted solely in self-defense. Significantly, there is nothing in the record to refute petitioner's explanation. The victim Quiles did not testify. The difficulty is that the hearing officer failed to make a distinction between petitioner's assertion of self-defense and the issue of culpability. In explaining his disposition, the hearing officer stated that "the whys and wherefores are only after the fact and only in effect an admission". This statement evidences the hearing officer's failure to consider the justification defense relevant. This assessment was erroneous (see *Matter of De Mauro v LeFevre,* 91 AD2d 1156; *Matter of Santana v Coughlin,* 90 AD2d 947). Serious consideration of petitioner's testimony may have substantiated a justification defense or at least have worked to mitigate his behavior (*Matter of Santana v Coughlin, supra*). In effect, the hearing officer's conclusory assumption of culpability merely upon admission of the act served to deprive petitioner of his right to due process. Accordingly, petitioner should be afforded a new hearing. Finally, we note that in rendering this decision, we have considered petitioner's remaining contentions and have found them to be without merit. Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.