■ In the Matter of JOSEPH KELEMEN, on Behalf of ROBERT TUMMINIA, Appellant, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents. — Judgment unanimously reversed, determination annulled and matter remitted to respondents for further proceedings, in accordance with the following memorandum: Petitioner, an inmate at the Attica Correctional Facility, was charged with a violation of rule 108.13 which provides that an "inmate shall not be in possession of any article or paraphernalia which gives *reasonable grounds* to believe escape is planned" (emphasis added). Petitioner admitted that he possessed drawings of keys, but alleged that he intended to use them in connection with a pending appeal of a prior conviction for attempted escape and kidnapping from the Chenango County Jail. After an adjustment committee recommendation that a superintendent's proceeding be held, petitioner selected an employee assistant to assist him in his defense. He then gave the employee assistant a letter addressed "To Whom It May Concern" in which he again admitted possessing the drawings and requested the following: (1) that contact be made with his attorney; (2) that copies of the drawings be sent to the Chenango County Sheriff's Department to be compared with keys from that county jail; and (3) that the employee assistant compare the drawings to the keys used at Attica. *The employee never complied with these requests.* ¶ During the superintendent's hearing, petitioner pleaded not guilty and recounted his explanation for possessing the drawings. Petitioner similarly requested the hearing officer to investigate his claim. The hearing officer, however, merely questioned the correction trainee who discovered the drawings during a search of petitioner's cell. The charge against petitioner was affirmed and a penalty of 60 days of solitary confinement and 30 days loss of good time was imposed. ¶ The regulations in effect at the time of petitioner's hearing required petitioner's employee assistant, to "investigate any *reasonable* factual claim the inmate may make" (7 NYCRR 253.3 [b]; emphasis added). Here, petitioner's claim that he possessed the drawings for use in a pending appeal was reasonable because they were discovered in an envelope marked "legal mail" and defendant had been convicted of attempted escape and kidnapping at the Chenango County Jail. Moreover, petitioner's explanation could have been verified easily by honoring petitioner's request to contact his attorney. There is no explanation in the record why this was not done. Given the seriousness of the charge against petitioner and the severity of the penalty imposed, the effort of the employee assistant to conduct an investigation on petitioner's behalf was woefully inadequate (see *People ex rel. Selcov v Coughlin,* 98 AD2d 733; *Matter of Martin v Coughlin,* 90 AD2d 946; *Matter of Hilton v Dalsheim,* 81 AD2d 887). Moreover, petitioner's appellate counsel was "a person who can be of assistance in contributing relevant information" (7 NYCRR 253.4 [c]) and therefore, the hearing officer should have interviewed him (see *Matter of Cook v Coughlin,* 97 AD2d 663). ¶ Underlying the constitutional principle of procedural due process is the notion of fundamental fairness (see *Wolff v McDonnell,* 418 US 539). In view of the foregoing, we conclude that the determination was arbitrary,

capricious and an abuse of discretion. Accordingly, petitioner must be afforded a new hearing. (Appeal from judgment of Supreme Court, Wyoming County, DiFlorio, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.