■ In the Matter of TIMOTHY JONES, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered October 6, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of the Department of Correctional Services finding petitioner guilty of violating certain disciplinary rules.

On December 27, 1982, petitioner, an inmate at Great Meadow Correctional Facility, was charged with hiding certain contraband in his cell. It consisted of marihuana, double-edged razor blades and a $20 bill. Prior to the taking of evidence at a superintendent's hearing, petitioner asked that the two correction officers who had conducted the search be called as witnesses in addition to three inmates, and that he be present during their testimony. This was denied to the extent that petitioner was not allowed to be present during the testimony of his witnesses. The hearing officer interviewed the witnesses outside the presence of petitioner and the interviews were recorded electronically. At the conclusion of the hearing, the hearing officer affirmed the charges and directed petitioner's assignment to special housing for 90 days; loss of all commissary, package and telephone privileges during that time; and loss of three months' good time. Both the superintendent of the facility and respondent affirmed the decision. Special Term dismissed petitioner's CPLR article 78 petition and this appeal ensued.

It cannot be questioned that had the disciplinary hearing taken place in the same manner subsequent to June 15, 1983, petitioner would have been denied his administrative rights established by 7 NYCRR 254.5:

"(a) The inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals. If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals presented.

"(b) Any witness shall be allowed to testify at the hearing in the presence of the inmate unless the hearing officer determines that so doing will jeopardize institutional safety or correctional goals. Where an inmate is not permitted to have a witness present, such witness may be interviewed out of the presence of the inmate and such interview tape recorded. The recording of the witness' statement is to be made available to the inmate at the hearing unless the hearing officer determines that so doing would jeopardize institutional safety or correctional goals."

In our view, the new regulation does no more than to administratively require adherence to the constitutional due process rights of inmates. During disciplinary proceedings, prisoners have the right to call witnesses, provided that to do so would not be unduly hazardous to institutional safety or correctional goals (*Wolff v McDonnell*, 418 US 539, 566). Those rights have been amplified by the Federal District Court for the Southern District

of New York. "[W]itnesses must be allowed to be present at disciplinary proceedings, unless the appropriate officials determine that this would jeopardize institutional safety or correctional goals. If an inmate is not permitted to have witnesses present, the interview may be conducted out of her presence and tape recorded. The tape or transcript of the interview, which is to be considered part of the record of the hearing, is to be made available to the inmate prior to or at the hearing unless prison officials determine that this too would jeopardize institutional safety or correctional goals. In either case, a written explanation of the denial of witnesses is to be given to the inmate" (*Powell v Ward,* 487 F Supp 917, 929, mod on other grounds 643 F2d 924, cert den 454 US 832).

Before and during the hearing, petitioner unequivocally asserted his right to be present when his witnesses testified. The hearing officer informed him that he had no such right in that type of proceeding. He did not state that petitioner could not be present because of institutional safety or goals. He did not inform petitioner that a tape recording would be made and that petitioner would be able to listen to the tape before final decision. Petitioner was never informed of his constitutional rights but, rather, he was misinformed. As a matter of fact, the hearing officer never did permit petitioner to hear the tape of the witnesses' testimony.

We conclude that although the hearing was not conducted in a manner contrary to regulations which existed at the time, it was conducted in a manner contrary to law which then existed (see *Jacobson v Coughlin,* 523 F Supp 1247, 1254-1255, affd 688 F2d 815, cert den 459 US 834; *People ex rel. Selcov v Coughlin,* 98 AD2d 733, 735; *Matter of Burke v Coughlin,* 97 AD2d 862, 863; *Matter of Tolden v Coughlin,* 90 AD2d 929, app withdrawn 59 NY2d 764). The decision of Special Term should therefore be reversed and the matter remitted to respondent to order a new hearing if possible; in the event that a new hearing cannot be held within a reasonable period of time, petitioner's records should be expunged of all reference to the charges involved herein.

Judgment reversed, on the law, without costs, and matter remitted to the Commissioner of the Department of Correctional Services for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.