OPINION OF THE COURT
John G. Connor, J.
Pursuant to CPLR article 78, petitioner herein seeks review of a disciplinary hearing on February 29, 1984, claiming that said hearing was in violation of due process. Petitioner raises, inter alia, that the hearing officer failed to inquire into the credibility of the confidential informants and that petitioner was denied his right to be present at witness interviews and was further disallowed to have all witnesses interviewed.
This disciplinary hearing pertains to whether petitioner was a participant in an attempted escape on February 11, 1984, at approximately 8:20 p.m. in 6 Company of North Hall. Petitioner was not assigned to 6 Company. Although not assigned to this locked area, petitioner was charged with attempting to escape through the ceiling of a cell located in 6 Company. In defense to this charge, evidence was presented that he was not within 6 Company at the time of the escape, but was in the recreational area where a basketball game was taking place. Certain inmates testified before the hearing officer that they saw petitioner during the time in question in the gym and recreational *748 area. Based upon the confidential informants’ version, the hearing officer determined that petitioner was present in the attic area of 5 and 6 Company which was the escape route.
Presented herein is the issue whether the hearing officer can rely upon the statement of confidential informants without first making an independent evaluation of the informants’ credibility or of the reliability of their testimony.
The confidential informants’ file submitted in camera to this court is an interview made by informants to the Superintendent of the Eastern New York Correctional Facility. These interviews were not taken by the hearing officer, Lt. Kelly. No other conclusion can be made that the hearing officer relied upon his superior’s interpretation as to the reliability and credibility of the confidential witnesses.
In Wolfe v McDonnell (418 US 539 [1974]) the United States Supreme Court set forth the procedural due process of inmates facing prison disciplinary proceedings and the presentment of evidence. The court held that although the full panoply of rights due a defendant in a criminal prosecution does not apply to disciplinary proceedings, the minimum requirements of due process appropriate for the circumstances must be observed. The right to confront a confidential witness is not guaranteed under the Wolfe case (supra) but such reliance upon the confidential informant is not left at large with unfettered discretion.
7 NYCRR 253.1 provides: “No person who has participated in any investigation of the acts shall be a hearing officer at a hearing relating to those acts, nor shall any person who has prepared or caused to be prepared the misbehavior report on which a hearing is held, act as the hearing officer on that charge.”
In the instant case the hearing officer discounted or disbelieved petitioner’s witnesses as to their testimony. By discrediting their version, the hearing officer accepted the statements made to the Superintendent who made the investigation and which instigated the misbehavior report. The record is void as to whether the hearing officer made any independent interview of the confidential informants and there is no evidence to substantiate that the hearing officer independently appraised the reliability of such informants.
Under Helms v Hewitt (655 F2d 487 [1981]) the court held that a prisoner is denied due process when his conviction on a disciplinary charge rests solely on a hearsay report of an informant which offers no basis for independent assessment of the *749 informant’s credibility or reliability. The Helms case (supra, at p 502) recites:
“We therefore hold that when a prison tribunal’s determination is derived from an unidentified informant, the procedures approved in Gomes v. Travisono [510 F 2d 537, 540 (1st Cir 1974)] must be followed to provide minimum due process.
“ ‘(1) [t]he record must contain some underlying factual information from which the [tribunal] can reasonably conclude that the informant was credible or his information reliable’ ”. Clearly, the petitioner is not entitled to the name of the confidential informant. Though the prisoner’s rights may be diminished by the needs and exigencies of the institution, he is not wholly stripped of all constitutional protections. In Kyle v Han-berry (677 F2d 1386, 1390 [1982]) referring to the Wolfe case (supra), the Court of Appeals stated:
“ Wolfe intended a genuine, even if single, fact-finding hearing and not a charade’ * * * [consequently, to make a decision based on the factual evidence presented, part of a disciplinary committee’s task must be to make a bona fide evaluation of the credibility and reliability of that evidence.”
Apposed to the informants’ placement of petitioner at the scene of the attempted escape, the hearing officer elected not to call the additional 31 witnesses. To call all 37 witnesses ordinarily would be considered redundant. But here there were only six witnesses called. Said six witnesses were selected by the hearing officer. The juxtaposition of the six alibi witnesses in comparison to the two confidential informers depended on who was to be interviewed. Reliance or rejection of the six depended on what weight the hearing officer gave.
The record further raises the question as to what evidence the hearing officer relied upon in arriving that petitioner had attempted to escape. The location of petitioner at the time of the attempted escape was pivotal to the charge. Other than two informants placing petitioner within the blocked area (6 Company) the record is bare. Further the record is unclear as to whether the hearing officer relied on any confidential informant. In answer to petitioner’s inquiry as to the number of informants, the officer relates “I shouldn’t say a couple [informants]. I’m not even sure myself.”
Petitioner had also requested his employee assistant to interview Correction Officer Armstrong. No interview was made because he was on vacation. 7 NYCRR 254.5 (a) provides: “[t]he inmate may call witnesses on his behalf provided their testimony is material and is not redundant”. Additionally one of the *750 interviews was made without the presence of petitioner nor was the interview electronically recorded. In Matter of Burke v Coughlin (97 AD2d 862, 863 [3d Dept]) the court stated: “[The constitutional right of] due process by interviewing and electronically recording only one of the four witnesses petitioner requested at the superintendent’s proceedings. Two rights of petitioner are involved here. The constitutional right of due process requires that when a witness is interviewed, the inmate must either be present or receive a tape or transcript of the interview or an explanation of the denial (Powell v Ward, 487 F Supp 917 * * * Matter of Tolden v Coughlin, 90 AD2d 929). The regulations give the inmate the right to have a chosen employee interview any witnesses requested in investigating the * * * reasonable factual claims and submit a written report including statements of those witnesses (7 NYCRR 253.3).”
By reason of the foregoing the hearing held on February 29, 1984, should be annulled as against the petitioner and petitioner’s records expunged as to the date of this hearing and he be restored to the status he enjoyed prior to the commencement of this hearing.