OPINION OF THE COURT
Paul I. Miles, J.
This is an article 78 proceeding commenced by Prisoners’ Legal Services of New York on behalf of petitioner, Nona Littles, an inmate at Albion Correctional Facility.
On September 9, 1984, following a weekend furlough, petitioner was required to give a urine sample for drug testing. On September 13,1984, the sample was twice tested using the Syva Emit-st Drug Detection System. The first test indicated a positive result for cocaine metabolite and amphetamine; the second a positive for cocaine metabolite. As a result of the testing, petitioner was served with a misbehavior report the same date. This misbehavior report charged petitioner with violation of *191 department rule 113.12 which prohibits the use of any controlled substance, and department rule 108.14 for failure to comply with temporary release programming rules and regulations. Following a hearing on September 24, 1984, petitioner was found to be in violation of both rules resulting in a disposition of 30 days’ keeplock and 30 days’ loss of good time. The hearing decision was affirmed upon appeal.
Petitioner contends that (1) petitioner’s right to due process was violated by the use of only documentary evidence at the hearing; (2) respondents violated 7 NYCRR 253.4 (b) and petitioner’s right to due process by consulting with the Syva technical unit off the record; and (3) respondents violated 7 NYCRR 251-4.1 (b) and denied petitioner due process by failing to appoint an employee assistant.
Respondents contend that (1) the decision was supported by legally sufficient probative evidence; and (2) the petitioner was not entitled to an employee assistant.
For the reasons indicated below, this court determines that the petition should be granted.
From the oral arguments at the time of the return date herein, and the pleadings which include a copy of a transcript of the superintendent’s hearing, this court finds the following:
The hearing consists of a colloquy between petitioner and the hearing officer centered on the misbehavior report and forms related to the Emit testing. No other testimony was presented. Petitioner denied the use of cocaine and raised the issue whether the use of the over-the-counter medication, Contac, would account for the positive tests results. Petitioner’s confusion as to the issues and procedures to be followed during the hearing is apparent from the record. Specifically, she misunderstood the advice that her statements could not be used against her in a criminal proceeding, that she had the right to call witnesses, the charge relating to noncompliance with temporary release rules, the use of the hearing record sheet, and the procedures involved in the administration of the Emit test and the test results. Although the hearing officer attempted to explain these matters to her, this court is not convinced from the record that he succeeded. In particular, this court finds that the advice given with respect to the right to call witnesses was insufficient. When advised of her right to call witnesses, petitioner inquired of the hearing officer who could be a witness and indicated a complete lack of understanding in that regard. The hearing officer responded by indicating that she had not requested any witnesses *192 and had thereby indicated she did not wish to call anyone as a witness. This is not adequate advice.
On the facts as determined, this court makes the following conclusions of law:
I. ADEQUACY OF EVIDENCE ADDUCED AT THE HEARING
In Wolff v McDonnell (418 US 539) the United States Supreme Court held that prisoners may claim the protections of the due process clause but declined to mandate the full panoply of rights accorded a defendant in a criminal action. Although Wolff, for example, does not require that inmates be allowed to test through confrontation and cross-examination the credibility of those who accuse them, it does require that an adjudication must be supported by substantial probative evidence. Thus, a decision made in reliance upon a misbehavior report alone, without further probative evidence, is a denial of due process (Matter of Jones v Smith, 120 Misc 2d 445, affd 101 AD2d 705, affd 64 NY2d 1003). Although the test results and forms related to the administration and evaluation of the Emit test were before the hearing officer, no testimony was offered as to the procedures followed. This is not sufficient where petitioner raises any question as to confusion of urine samples or lack of an appropriate chain of custody (Matter of Hadlock v Coughlin, No. 4373, Sup Ct, Orleans County), or false test results due to cross drug reactions. In addition, the failure to produce testimony deprived petitioner of a fair and impartial hearing as required by 7 NYCRR part 250. By entering into a colloquy with petitioner as to the relative merits of the department’s position as opposed to her denial of the charges, the hearing officer assumed the role of a prosecutor. There must be a bona fide evaluation of the evidence presented at the hearing, not an arbitrary determination that reduces the hearing to a charade (Kyle v Hanberry, 677 F2d 1386; Helms v Hewitt, 655 F2d 487). Therefore, this court concludes that petitioner’s right to due process was denied by the inadequacy of the evidence adduced at the hearing.
II. CONSULTATION WITH WITNESS OFF THE RECORD
In order to establish that petitioner’s use of the over-the-counter medication was not the source of the positive test results, the hearing officer adjourned the hearing and held an off-the-record telephone conversation with a representative of the Syva technical unit. The information thus provided was used to make the determination that there was no drug that would cause a false positive cocaine urinalysis using the Emit testing system. Since the conversation was not recorded, this court *193 cannot review the record to determine the validity of that finding and the record is not adequate (Matter of Hurley v Ward, 61 AD2d 881). Furthermore, the use of the off-the-record testimony is a violation of petitioner’s due process rights (Matter of Burke v Coughlin, 97 AD2d 862; Matter of Tolden v Coughlin, 90 AD2d 929).
III. APPOINTMENT OF AN EMPLOYEE ASSISTANT
Petitioner contends that the complexity of the issues involved in this hearing mandated appointment of an employee assistant under 7 NYCRR 251-4.1 (b). There has been very little judicial interpretation of this requirement. This court has previously declined to adopt a per se rule requiring the appointment of an employee assistant merely because a scientific test procedure for drug usage is involved (Matter of Hadlock v Coughlin, No. 4373, Sup Ct, Orleans County, supra). The complexity of an issue has been defined by the amount of information available to the inmate, and his ability to gather it, i.e., his confinement status and capability to understand the evidence necessary to present his case (Stewart v Jozwiak, 399 F Supp 574 [ED Wisc 1975]), referring to the Seventh Circuit opinion in Aikens v Lash (514 F2d 55). Although this court has found that petitioner was not able to comprehend many of the issues involved in the hearing, it has also found that the evidence presented was insufficient to make a determination. Therefore, this court concludes that it would be inappropriate to make a determination that an employee assistant was required on this record and that this issue is rendered moot by this court’s previous findings.
Therefore, the petition is granted. This court does agree, however, with respondents’ position that petitioner’s request for relief in paragraph “f” is improper. With respect to petitioner’s status, respondents are directed to reconsider petitioner’s status with the determination of the superintendent’s proceedings challenged nullified and expunged from her record.
The above constitutes the findings of fact and conclusions of law in this matter and constitutes the memorandum decision herein.