OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, respondents’ determination annulled and the matter remitted to the Department of Correctional Services for a new hearing.
Respondents’ regulations provide that an inmate facing disciplinary proceedings “may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals” (7 NYCRR 254,5 [a]). In petitioner’s proceeding, he requested that his brother be called as a witness to give testimony in mitigation *780 of the penalty to be imposed. His request was denied on the grounds that the testimony would be irrelevant and unnecessary because petitioner had admitted violating the inmate rules. This was error because testimony in mitigation of the penalty to be imposed or raising a possible justification defense to the charged violation is relevant and material evidence (see, Matter of Cook v Coughlin, 97 AD2d 663, 664; Matter of De Mauro v LeFevre, 91 AD2d 1156, 1157; Matter of Santana v Coughlin, 90 AD2d 947, 948; Matter of Martin v Coughlin, 90 AD2d 946; see also, Matter of Garcia v LeFevre, 64 NY2d 1001,1003). Insofar as no other grounds provided for in the regulation were raised for refusing to call petitioner’s brother as a witness, his request should have been granted. In view of our determination we do not decide whether the refusal to call petitioner’s requested witness violated his due process rights (see, Wolff v McDonnell, 418 US 539).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, respondents’ determination annulled and matter remitted to Supreme Court, Albany County, with directions to remand to the Department of Correctional Services for a new hearing, in a memorandum.