In the Matter of ALLEN MOORE, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered July 3, 1984 in Clinton County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain disciplinary rules.

On March 6, 1984, petitioner, an inmate at Clinton Correc-

tional Facility, was charged with violating two institutional rules. One rule prohibited inmates from engaging in sexual acts. This appeal does not concern the second rule, the violation of which petitioner admitted at the superintendent's hearing. Following the hearing, it was determined that petitioner had violated both rules, and a penalty was imposed of 60 days' keeplock and loss of privileges, 180 days' loss of good time and a change in job assignments. Thereafter, following administrative affirmance by respondent Commissioner of Correctional Services, petitioner commenced the instant CPLR article 78 proceeding, Special Term partially granted petitioner's application, annulled the determination that petitioner had violated the rule prohibiting inmates from engaging in sexual acts and remitted the matter to respondents for redetermination of a penalty for the one remaining charge. Special Term's reason for its determination was that petitioner had been denied his due process rights at the hearing. This appeal by respondents ensued.

At the hearing, a correction officer testified that he witnessed petitioner, who was in an aisleway outside a cell, committing a sexual act with another inmate who was locked in the cell. Petitioner asserted that the officer's testimony was false and sought to call the alleged victim of the sex act, who had given a written statement to prison authorities stating that he participated in the sexual act involuntarily because of threats of violence by petitioner. The request to have the victim testify was denied, to which petitioner assigned error.

The regulations of the Department of Correctional Services which governed petitioner's superintendent's hearing provide that an inmate who is the subject of a hearing may call witnesses on his own behalf. "If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals presented" (7 NYCRR 254.5 [a]). No such statement, in writing or otherwise, was given. Actually, petitioner was aware of the identity of the alleged victim and the fact that said victim had given a written statement to prison authorities. Prison officials were already providing protective custody for that individual. Accordingly, Special Term properly annulled the administrative determination (*Matter of Jones v Coughlin*, 105 AD2d 1020, 1021-1022).

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.