■ In the Matter of JAMES DE VONISH, Appellant, v CHARLES SCULLY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination made after a superintendent's proceeding which imposed disciplinary sanctions against the petitioner, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated August 8, 1983, which dismissed the petition.

Appeal dismissed, without costs or disbursements, and judgment vacated. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Since petitioner contends that the determination of respondent, made after a hearing, was not supported by substantial evidence, the matter should have been transferred to this court for determination in the first instance (see, CPLR 7804 [g]). However, treating this case as though it had been properly transferred to this court, and disposing of all of the issues de novo (see, CPLR 7804 [g]; People ex rel. McClatchie v Reid, 105 AD2d 721; Matter of Kincaide v Coughlin, 86 AD2d 893, appeal dismissed 57 NY2d 682), we find that the determination was supported by substantial evidence. Petitioner was found guilty of various charges emanating from an incident in which he harassed a female correction officer, refused to produce his identification card after being ordered to do so by another correction officer and threatened that officer. Based on the statements of the correction officers in the record, the evidence is sufficient in quality and quantity to support the determination of the hearing officer.

In addition, we reject petitioner's claim that he was denied his constitutional right to confront witnesses because he was excluded from the superintendent's proceeding during the testimony of two inmate witnesses. Petitioner was given a statement of reasons explaining that his presence would create a security risk and was afforded the right to listen to tape recordings of the testimony of these witnesses. Under such circumstances, petitioner's constitutional rights were not violated (see, e.g., 7 NYCRR 253.5 [b]; Powell v Ward, 487 F Supp 917, 929, mod on other grounds 643 F2d 924, cert denied 454 US 832; Matter of Jones v Coughlin, 105 AD2d 1020). We have considered petitioner's other contentions and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.