■ In the Matter of SUMMERSET CORPORATION, Doing Business as DYNASTY I, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority (hereinafter the SLA) which, after a hearing, denied the petitioner's application for an on-premises liquor license, the appeal is from a judgment of the Supreme Court, Kings County (Miller, J.), dated July 3, 1985, which annulled the determination and directed the SLA to approve the application.

Appeal dismissed and judgment vacated.

Determination confirmed and proceeding dismissed on the merits.

The SLA is awarded costs.

Since the petitioner contends that the determination of the SLA, made after a hearing, was not supported by substantial evidence, the matter should have been transferred to this court for determination in the first instance (see, CPLR 7804 [g]). However, treating this case as though it had been properly transferred to this court, and disposing of all of the issues de novo (see, CPLR 7804 [g]; Matter of De Vonish v Scully, 115 AD2d 649), we find that the determination of the SLA disapproving the petitioner's application is supported by substantial evidence, namely, the failure of Lloyd Gordon to report the summonses issued to him on March 3, 1984, and the information supplied by Police Officer Erwin concerning the serving of alcoholic beverages by the petitioner without the appropriate license. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.