■ In the Matter of Gustavo Nina, Petitioner, v Thomas A. Coughlin, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [595 NYS2d 833] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating prison disciplinary rules prohibiting rioting, interference with an employee and making false statements as a result of his activities during an inmate uprising at Southport Correctional Facility in Chemung County on May 28-29, 1991. In this proceeding, petitioner contends that the determination was not supported by substantial evidence and that other errors require annulment.

The misbehavior report, authored by Correction Sergeant G.

Fields, stated that Correction Officer Brown had reported to Correction Sergeant Gilbert that he had been addressed by petitioner and was talking to him when he was attacked from behind by other inmates. The report also stated that Fields had observed petitioner outside of his assigned exercise unit in various locations in the prison yard during the time of the incident. At the hearing Fields confirmed the information contained in the report. A second officer who had been present with Fields also confirmed the report, adding that he had seen petitioner enter and leave an area where hostages were being held. Gilbert also testified, stating that in debriefing Brown he was told that petitioner had engaged Brown in a nonsensical conversation and called him back several times when he tried to break off the conversation, and that Brown felt that petitioner had acted to distract him so that the other inmates could attack. In addition, the Hearing Officer viewed videotapes of the incident, which he found indicated that all the exercise pens were empty. We find that this evidence sufficiently supports the determinations of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883). The misbehavior report and the testimony of Gilbert, while hearsay, was sufficiently relevant and probative to constitute substantial evidence *(see, Matter of Foster v Coughlin,* 76 NY2d 964).

Further, we find no prejudicial error in the inability of the Hearing Officer to obtain the testimony of Brown due to medical advice that he not discuss the incident given that petitioner voiced no objection to the failure to produce Brown *(see, Matter of Torres v Coughlin,* 161 AD2d 1080; *cf., Matter of Torres v Coughlin,* 166 AD2d 793). Petitioner waived any argument that written statements by Brown be produced by failing to raise the issue on administrative appeal *(see, Matter of Williams v Coughlin, supra; Matter of Gonzales v Coughlin,* 180 AD2d 974).

We find, however, that while the failure to disclose a joint session at which several Hearing Officers were shown videotapes and photographs of the incident and were provided some other general information did not in itself violate due process *(see, Matter of Williams v Coughlin, supra),* the transcript of the hearing reveals that material information may have been received by the Hearing Officer off the record and considered in the determination of guilt. The Hearing Officer affirmed that his determination was not based upon any information except that disclosed at the hearing and the videotape he viewed at the joint session. While petitioner has not argued that he should have been allowed to see the videotape and has

thus waived that issue, he does argue that the receipt of other material off-the-record information by the Hearing Officer requires annulment. We agree. The Hearing Officer was told at the joint session that petitioner had been in pen six. Although the only testimony on the record indicates that petitioner was in pen three, the Hearing Officer stated that "they have * * * you * * * in pen number six and * * * that's the pen in which * * * Officer Brown was * * * on the ground". The Hearing Officer also stated that "I saw [Brown's] body laying down in front of the pen in which you were assigned. I asked which pen were you assigned. They gave me that number which coincides with where [Brown] was thrown." This testimony raises the possibility that the Hearing Officer's determination was based at least in part upon off-the-record information and compels remittal for a new hearing (see, Matter of Hill v LeFevre, 124 AD2d 383; cf., Matter of Williams v Coughlin, supra). Given that the Hearing Officer may have received material nonrecord evidence, we direct that any rehearing be before a different Hearing Officer (see, Matter of Romeo v Union Free School Dist., No. 3, 64 AD2d 664).

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.