■ In the Matter of ENRIQUE COLLAZO, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [653 NYS2d 145] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a tier III hearing of violat-

ing prison disciplinary rules prohibiting fighting, rioting and refusing a direct order as a result of his actions during a confrontation on May 27, 1995 between two groups of inmates at the correctional facility where he was housed. Petitioner contends that the determination was not supported by substantial evidence and that other errors require annulment. He also claims that the penalty of 1,095 days in keeplock, a commensurate loss of privileges and three years' loss of good time was unduly harsh and severe. We disagree.

The misbehavior report, written by a correction officer who witnessed petitioner's actions, stated that he observed petitioner leave one area of the facility with a group of inmates and engage in a fight with another group of inmates. The report also stated that the officer observed petitioner exchange several kicks and punches with the latter group of inmates. Several direct orders were given to stop fighting by another correction officer over the public address system but these orders were ignored. At the time, approximately 80 inmates were involved and several warning shots were fired before the disturbance was quelled. Two other correction officers testified and corroborated the recitation of the facts in the misbehavior report as to the nature of the circumstances surrounding the incident. In addition, one officer testified that, contrary to what petitioner claimed, petitioner did not remain on the side but was involved in the incident. Given this proof, we find ample basis to support the Hearing Officer's finding of guilt (see, Matter of Nina v Coughlin, 191 AD2d 942, 943, lv denied 82 NY2d 651). Petitioner's version of the disturbance presented an issue of credibility to be resolved by the Hearing Officer (see, Matter of Fleming v Coughlin, 222 AD2d 835).

Petitioner's procedural arguments were waived by his failure to raise them on his administrative appeal (see, Matter of Gonzales v Coughlin, 180 AD2d 974, 975). In any event, they lack merit since the record indicates that the Hearing Officer's off-the-record discussion with one witness was merely for the purpose of scheduling the officer's testimony in connection with other hearings to be held that day. Further, the Hearing Officer did not rely on any information gained from that conversation in making her determination (see, Matter of Williams v Coughlin, 190 AD2d 883, 884, lv denied 82 NY2d 651). We find no impropriety regarding the fact that one witness's testimony was taken by telephone since this witness was called by the Hearing Officer, and petitioner's right to be present when witnesses testify is limited to those witnesses called by him (see, Matter of Lindsay v Coughlin, 211 AD2d 920, 921).

Finally, there is no evidence of bias on the part of the Hearing Officer that would require annulment (*see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944).

With respect to the penalty imposed, given the serious nature of the incident and petitioner's involvement, we cannot say that the penalty was so disproportionate to the offense as to be shocking (*see, Matter of Serra v Selsky,* 223 AD2d 845; *Matter of Williams v Coughlin, supra,* at 886). Petitioner's remaining contentions have been examined and rejected for lack of merit.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.