■ In the Matter of FERNANDO LOPEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [772 NYS2d 884]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule which prohibits the unauthorized use of a controlled substance. His urine sample tested positive for opiates on both an initial and confirmatory test. The record

discloses an adequate chain of custody and that appropriate testing procedures were followed (*see Matter of Torres v Goord*, 301 AD2d 713 [2003]). Regarding petitioner's defense that the test result was a false positive due to his use of prescription and over-the-counter medications, we find that a new hearing is necessary because petitioner was deprived of a fair hearing. The Hearing Officer precluded our review of petitioner's documentary evidence by failing to accept it in the record. The Hearing Officer's telephone conversation with a representative from the testing company's technical unit was not recorded and petitioner was excluded from the room during that conversation, in violation of state regulations and petitioner's due process rights (*see* 7 NYCRR 254.5 [b]; 254.6 [b]; *Matter of Hill v LeFevre*, 124 AD2d 383 [1986]; *Matter of Kelemen v Coughlin*, 128 Misc 2d 190, 192-193 [1985]). Because the determination was clearly based in part on this off-the-record information, a new hearing is required (*see Matter of Wyche v Coughlin*, 191 AD2d 945, 946 [1993], *lv denied* 82 NY2d 651 [1993]; *Matter of Nina v Coughlin*, 191 AD2d 942 [1993], *lv denied* 82 NY2d 651 [1993]; *but see Matter of Frazier v Goord*, 251 AD2d 800 [1998], *lv denied* 92 NY2d 813 [1998]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.