■ In the Matter of DIVINE JUSTICE, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, et al., Appellants. (Appeal No. 2.)—Judgment unanimously affirmed. Memorandum: We annul the disposition of the Superintendent of the Attica Correctional Facility for the reasons stated in the memorandum and order at Special Term, Conable, J., Acting Supreme Court Justice, and hold that the hearing upon which the superintendent's disposition was based was not conducted in accordance with the rules and regulations of the Department of Correctional Services (7 NYCRR Part 253). We do not remit for a new hearing for the following reasons: A portion of the penalty imposed by the superintendent consisting of confinement in a special housing unit has already been served by petitioner-respondent. Further, the period of time that has elapsed since October, 1976, the date of the alleged acts of misconduct warranting the superintendent's proceeding, underscores the difficulty of insuring a due process hearing to petitioner-respondent at this time. (Appeal from judgment of Wyoming Supreme Court,—art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUYON FISHER, Appellant.—Judgment unanimously affirmed. (See *People v Morales,* 42 NY2d 129, cert den 434 US 1018; *People v Darden,* 34 NY2d 177.) (Appeal from judgment of Niagara County Court—burglary, third degree and petit larceny.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ CLARENCE BILHORN et al., Appellants, v EARL S. LIPMAN et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, with costs, and motion denied. Memorandum: This is the fourth appeal involving pretrial proceedings in this action brought against a physician, Earl S. Lipman (Lipman), a pharmacy, Mead Drugs, Inc. (Mead), and a drug manufacturer, SmithKline Corporation (SmithKline), for injuries allegedly resulting from the use of the drug, stelazine, by plaintiff Grace Bilhorn. Special Term granted a motion made by defendant Lipman on November 17, 1978 for a physical examination of plaintiff Grace Bilhorn even though a statement of readiness had been filed on January 18, 1978. The granting of the motion was improper as defendant Lipman made no showing of special, unusual or extraordinary circumstances to support his untimely application (see *Giddens v Moultrie,* 66 AD2d 993 and *Doll v Kleinklaus,* 66 AD2d 1003). Plaintiff Grace Bilhorn is now 76 years of age and has been physically examined by physicians on behalf of defendant SmithKline on three occasions. The record shows that their medical reports, as well as the medical reports of plaintiff's examining physicians, are available to defendant Lipman. Therefore, the denial of defendant Lipman's motion for a physical examination should not impair his ability to present a defense at trial. (Appeal from order of Monroe Supreme Court—discovery.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.