■ In the Matter of EDWARD WILLIAMS, Respondent, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered April 29, 1981 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the superintendent of the Clinton Correctional Facility which found petitioner guilty of violating disciplinary rules. As a result of certain incidents which occurred on June 13 and 14, 1980, misbehavior reports were filed against petitioner and on June 14, 1980, petitioner was placed in keeplock. On June 16, petitioner appeared before an adjustment committee for consideration of his part in the incidents and the committee recommended that he be retained in the special housing unit pending a superintendent's proceeding. On June 20, a superintendent's proceeding was commenced at which petitioner claimed that he had not received a copy of certain chapters of the regulations he had requested, that he had not received a copy of the formal charges, and had not been allowed to confer with the employee he had chosen to assist him. Upon hearing petitioner's objections, the presiding officer adjourned the proceeding until petitioner was served with the formal charges and the regulations he had requested. The superintendent's proceeding was reconvened on June 23, and after investigation of the incidents, petitioner was found guilty of all charges on June 25. After this determination was affirmed by the review board of the State Department of Correctional Services, petitioner commenced the instant proceeding to annul respondents' determination. Special Term granted the petition on the ground that respondents had violated their own guideline which required a superintendent's proceeding be held within seven days of petitioner's confinement in keeplock absent exigent circumstances. Respondents assert that Special Term erred in finding that they had violated the department's seven-day rule. Specifically, respondents contend that case law merely requires that a superintendent's proceeding be commenced within seven days, not that it be completed in such time. Although we agree that the seven-day rule requires only that a superintendent's proceeding be commenced within seven days of an inmate's confinement in keeplock, not that it be completed in such time (see *Matter of Witherspoon v LeFevre*, 82 AD2d 959, mot for lv to app den 54 NY2d 606), such determination is of no avail to respondents in this case. We find that the superintendent's proceeding held on June 20, the seventh day of petitioner's confinement, was not a proceeding sufficient to satisfy the requirements of the seven-day rule, which respondents have adopted and must comply with (*Matter of Johnson v Smith*, 83 AD2d 721). The failure of respondents to meet their procedural regulations in a superintendent's proceeding results in such proceeding being declared a nullity (*Matter of Longo v Fogg*, 71 AD2d 955). The aborted June 20 proceeding failed to meet several of the department's own requirements, and should, therefore, be seen as a nullity. The pertinent regulation requires that an inmate charged with disciplinary violations be allowed to select an employee to assist him who shall deliver a copy of the charge to the inmate at least 24 hours prior to the

commencement of the proceeding, that the inmate receive an explanation of the nature of the proceeding and the charges filed, that an inquiry be made of the inmate as to whether there is any factual matter that should be presented on his behalf, and that any reasonable factual claim made by the inmate be investigated (7 NYCRR 253.3). Since the regulation further requires that the employee assistant submit to the officer presiding over the superintendent's proceeding a report of the action taken prior to the commencement of the proceeding (7 NYCRR 253.3 [c]), the requirements of 7 NYCRR 253.3 must be complied with prior to the commencement of the proceeding. In this case, these requirements were not met prior to the June 20 proceeding. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.