■ In the Matter of JOSHUA MARTIN, Appellant, v THOMAS A. COUGHLIN, III., as Commissioner of the New York State Department of Correctional Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered July 27, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Superintendent of the Coxsackie Correctional Facility which found petitioner guilty of violating disciplinary rules. On the morning of November 22, 1980, petitioner, who was confined at the Coxsackie Correctional Facility, allegedly missed his breakfast meal because, at the time his breakfast tray was delivered to his cell he remained in bed and was not up to receive it. Certain incidents followed thereafter on that day as a result of which he received two misbehavior reports charging him in all with four matters, including "creating a disturbance", "refusing a direct order", "destruction of State property", and "threats". Petitioner appeared before an adjustment committee on November 24, 1980. The committee ordered that a superintendent's proceeding be held. On the next day an employee assistant, Correction Officer Anthony Sumigray, was assigned to assist him. In his report which was delivered to the hearing officer prior to the hearing, Sumigray noted that petitioner requested him to interview inmate Cotto in Cell No. 2 and to have Cotto called as a witness. Cotto refused both requests. Sumigray's report also noted that petitioner requested that "the administration speak with the F-3 officers about harassment of F-3 inmates." At the superintendent's hearing held on November 28 and December 4, 1980, petitioner admitted to refusing a direct order (to be quiet) and destruction of State property (his bed) and explained his reasons for doing so (because of harassment by the correction officers and in order to speak with a sergeant). He denied completely the fourth charge of "threats". At the superintendent's hearing on November 28, petitioner requested that the inmate in Cell No. 16 be interviewed and the hearing officer, Deputy Superintendent William T. Nevins, stated he would do so before their next "interview". There is no indication that this request and petitioner's request to have certain correction officers interviewed were ever complied with. However, the hearing officer did interview petitioner on the first hearing day. On December 4 Correction Officer Jackson, who preferred the charges, was interviewed along with a second interview of petitioner. Petitioner was found guilty on all charges and penalized 30 days' loss of good time. There followed an administrative appeal which resulted in an affirmance of the determination made by the hearing officer. Petitioner then commenced the instant CPLR article 78 proceeding. Special Term dismissed his petition and this appeal ensued. The judgment entered at Special Term should be reversed and the determination of the superintendent's proceeding annulled. In the instant case, respondent's failure to follow its own rules pertaining to the investigation and interviews requested by petitioner requires annulment of the determination (Matter of Williams v LeFevre, 90 AD2d 579; Matter of Johnson v Smith, 83 AD2d 721, 722; Matter of Longo v Fogg, 71 AD2d 955). Petitioner requested that the inmate of Cell No. 16 be interviewed and the hearing officer indicated he would do so. Thus, a potential witness was not called or interviewed and there is no explanation for this failure. Likewise, interviews of correction officers as requested by petitioner on the subject of harassment and the events out of which the charges arose were apparently never conducted. Certainly the extent of any provocation was relevant at least on the issue of punishment. Further, it appears on this record that Correction Officer Sumigray and hearing officer Nevins did not make an adequate

investigation into or report concerning petitioner's claims of harassment and provocation to permit adequate judicial review thereof (7 NYCRR 253.3 [a], [b], [c]; see, also, *Matter of Amato v Ward,* 41 NY2d 469, 472-473). This situation differs from that found in *Matter of Gross v Henderson* (79 AD2d 1086) where there was evidence of the need to withhold access to a statement obtained from a witness in order to protect the safety of the witness. That court reviewed the confidential file *in camera* and found the judgment not to disclose was supported by a rational basis. Here, there is simply a failure to investigate and interview known witnesses without explanation or reasonable excuse. Judgment reversed, on the law and the facts, without costs, petition granted, and determination annulled. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.