■ In the Matter of EDWARD DE MAURO, Respondent, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Appellants. (And Another Related Proceeding.) — Appeals from two judgments of the Supreme Court at Special Term (Viscardi, J.), entered April 19, 1982 in Clinton County, which granted petitioners' applications, in proceedings pursuant to CPLR article 78, to annul determinations made at two superintendent's proceedings finding them guilty of violating various correctional facility rules and to expunge all records pertaining thereto from their files. Petitioners Edward De Mauro and Anthony Ricco were inmates at the Clinton Correctional Facility when, on November 12, 1981, they were involved in an altercation involving another inmate named William Perry. Following the filing of misbehavior reports, the prison's adjustment committee recommended that formal charges be brought against both petitioners for their involvement in the fight. Separate superintendent's proceedings were held and petitioners were ultimately found guilty of violating a variety of prison rules. Petitioner De Mauro was given a disposition of eight months in special housing and the loss of 240 days of good time while petitioner Ricco was given six months' confinement in special housing and the loss of 180 days of good time. The instant CPLR article 78 proceedings seeking to challenge those determinations ensued. Special Term, after concluding that various acts which occurred during the administrative processing of the charges brought against petitioners constituted a violation of their due process rights, annulled the dispositions rendered in the respective superintendent's proceedings. Respondents were also directed to restore petitioners' good time allowances and to expunge all records pertaining to the proceedings from their files. Special Term held that petitioners had been denied their due process rights because (1) a correction officer requested to be interviewed by both petitioners as part of their superintendent's proceedings was not interviewed, (2) the record of the proceedings indicated that the hearing officer obtained information regarding petitioners which was not set forth in the transcript, and (3) administrative review by the Commissioner of Correctional Services of the dispositions made in the superintendent's proceedings was not provided within 30 days. On this appeal, respondents urge this court to reverse Special Term and argue that their actions were proper and in accord with the constitutional and regulatory framework governing prison disciplinary proceedings. Since we agree with Special Term's decision insofar as it held that the failure to interview a particular witness constituted a denial of petitioners' due process rights, we find it unnecessary to consider the other

grounds found by Special Term to support its decision annulling the determinations of the two superintendent's proceedings. Petitioners did not deny their involvement in the altercation with Perry on November 12, 1981, and, in fact, admitted several of the disciplinary charges brought against them. What petitioners did attempt to demonstrate at their respective superintendent's proceedings was a defense based on justification and a plea of mitigating circumstances. Petitioners claimed that prison authorities were aware of the animosity existing between themselves and other inmates and that they had reason to fear for their lives. Toward this end, petitioners specifically requested that Correction Officer Carter be interviewed and called as a witness on their behalf to verify that they had been informed by prison personnel that they were going to be stabbed by Perry. Despite these requests and a memorandum in the hearing officer's file that Correction Officer Carter had been contacted and had indicated that he wished to appear during the superintendent's proceedings to make his statement, Carter was not interviewed. The reason given for this failure was that Officer Carter "was on days off and was unavailable for interview". While we acknowledge that not every witness requested to be interviewed by an inmate facing disciplinary charges must be interviewed, the regulation allowing inmates to call witnesses on their behalf permits them to exercise this right "provided that so doing does not jeopardize institutional safety or correctional goals" (7 NYCRR 253.4 [b] [1]). There has been no showing in this case by respondents that institutional safety or prison goals would have been jeopardized by interviewing Correction Officer Carter. Although admittedly an inmate's right is subject to the broad discretion of prison officials, Carter's testimony was central to petitioners' defense and no other testimony had been admitted on that defense. Also unpersuasive is respondents' argument that any testimony by Officer Carter would be irrelevant to the charges brought against petitioners (see 7 NYCRR 253.4 [c]) since he did not witness the fight and could only provide background information regarding matters leading up to the incident in question. Recent decisions from this court have indicated that evidence of justification or mitigating circumstances is relevant in a prison disciplinary proceeding (see *Matter of Martin v Coughlin,* 90 AD2d 946; *Matter of Santana v Coughlin,* 90 AD2d 947). Accordingly, Special Term correctly concluded that on these facts respondents denied petitioners their right to due process when they failed to honor the inmates' request to interview Officer Carter as part of their superintendent's proceedings. We reach no other issue. Judgments affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.