■ In the Matter of DENNIS SHIPMAN, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to annul the results of a superintendent's proceeding which found petitioner guilty of violating certain disciplinary rules. An inmate misbehavior report was filed charging petitioner with assault upon a correction officer, refusing a direct order, creating a disturbance, interference with a prison employee and refusing to comply with a personal frisk, all arising out of an incident at the Elmira Correctional Facility on February 1, 1982 when petitioner refused to pick up a cup he allegedly threw on the mess hall floor. Following a superintendent's proceeding, petitioner was found guilty of all charges except creating a disturbance. He was given a disposition of 60 days in the special housing unit and charged with 180 days' loss of good time. After the determination was upheld upon automatic administrative review, this CPLR article 78 proceeding was commenced seeking annulment of the determination, expungement of his records and restoration of good time lost. Petitioner argues that he was not informed of his right to call witnesses and that he did not receive adequate employee assistance (7 NYCRR 253.3).[1] The right to call witnesses is one guaranteed by due process (*Wolff v McDonnell,* 418 US 539, 566) and the rules of the Department of Correctional Services (7 NYCRR 253.4 [b] [1]).[2] Contrary to respondents' contention, petitioner's notice and assistance form, which indicates he did not request any witness interviews or elect to call witnesses at the hearing, does not, of itself, establish that he was properly advised of his rights (*Matter of Tolden v Coughlin,* 90 AD2d 929, app withdrawn 59 NY2d 764; *Matter of Santana v Coughlin,* 90 AD2d 947). This court recently reiterated that the constitutional right to call witnesses "is not waivable unless it is shown that the prisoner was informed of its existence and made a knowing and intelligent waiver" (*Matter of Burke v Coughlin,* 97 AD2d 862, 863). No such showing has been made here. Moreover, petitioner contends that he was not so apprised until the hearing, at which time he requested that two witnesses be interviewed. The hearing was then adjourned to allow production of these witnesses, but was later completed despite the fact these witnesses had not been located. As a result, without explanation, two potential witnesses were not interviewed. Respondents argue that petitioner failed to provide adequate information to identify his alleged witnesses and that, in any event, he failed to object to reconvening the hearing without their presence (see *Matter of Guzman v Coughlin,* 90 AD2d 666). In his supporting affidavit, however, petitioner claimed to have identified his witnesses by nickname, cell location and program assignment in an off-the-record discussion with the hearing officer. Respondents essentially conceded this contention at oral

---

1. Various regulations have been revised and renumbered effective June 15, 1983. Employee assistance is now covered by 7 NYCRR 251-4.1, 251-4.2, 254.4.

2. Now covered by 7 NYCRR 253.5, effective June 15, 1983.

argument. Moreover, petitioner's employee assistant neglected to file a written report of the actions taken to assist petitioner as required by 7 NYCRR 253.3 (c)[3] (see *Matter of Williams v LeFevre,* 90 AD2d 579). Absent this report, the evidence is conflicting as to what information was actually provided by petitioner and what efforts were undertaken to locate his witnesses, precluding viable appellate review. In our view, respondents' failure to timely apprise petitioner of his constitutional rights and to adhere to its own rules pertaining to the requested witness interviews requires annulment of the determination (*Matter of De Mauro v LeFevre,* 91 AD2d 1156; *Matter of Tolden v Coughlin, supra; Matter of Martin v Coughlin,* 90 AD2d 946). These circumstances prevailing, the petition should be granted to the extent of annulling the determination and the matter remitted to respondents for a new hearing (see *Matter of Batista v Kuhlmann,* 90 AD2d 934; *Matter of Kincaide v Coughlin,* 86 AD2d 893, app dsmd 57 NY2d 682). This is not an instance where a new hearing could not be conducted in accordance with due process (cf. *Matter of Justice v Smith,* 69 AD2d 1018). Having determined that petitioner is entitled to a new hearing, it is unnecessary for us to reach petitioner's remaining arguments. Determination annulled, and petition granted, without costs, and matter remitted to the Department of Correctional Services for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.

---

**3.** This requirement is not set forth in the regulations as revised effective June 15, 1983. However, this court will review this procedural regulatory requirement as it existed at the time of the original determination (cf. *Matter of Board of Trustees [Maplewood Teachers' Assn.],* 57 NY2d 1025, 1027; 4 NY Jur 2d, Appellate Review, § 400, pp 502-503).