■ In the Matter of LARRY COLEMAN, Appellant, v PHILIP COOMBE, JR., as Superintendent of Eastern Correctional Facility, et al., Respondents. — Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered November 16, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of a Superintendent's proceeding finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at Eastern Correctional Facility in Napanoch, Ulster County. During visiting hours on May 8, 1983, he was seen handling paper currency in the visitor's room in violation of disciplinary rule 113.16, which prohibits possession of money by inmates. Petitioner had given a dollar bill to a female visitor in the vending area and, when so observed, was escorted from this area by a correction officer and ordered to empty his pockets, which contained $341. Petitioner admitted the possession but claimed that the currency, without having been counted, had been handed to him by his brother in response to petitioner's request for some money for the vending machine. The brother admitted that he had given the money to petitioner and it was thereupon returned to the brother.

At the Superintendent's hearing for this violation, the hearing officer discredited petitioner's explanation and refused his request to call his brother as a witness, for the reason that petitioner's admission of the possession of that amount of money rendered the brother's testimony cumulative and unnecessary. In view of the undisputed fact of petitioner's possession of such a large amount of cash, it was not unreasonable for the hearing officer to refuse to call the brother to testify.

The most favorable testimony that the brother could possibly offer on petitioner's behalf would be to corroborate the fact that the $341 was given to him for the vending machine. This version was specifically rejected by the hearing officer as incredible, because of the large sum that was concededly passed. No testimony of the brother could or would possibly alter or change this conclusion, since it stemmed from the undisputed facts of the possession and the amount. The brother's testimony would, therefore, be merely cumulative and unnecessary.

Having concluded that the "possession of [so] large [an] amount of money by an inmate [was] indicative of something deeper", which was reasonably inferable from the undisputed facts alone, it was also reasonable for the hearing officer to believe that the possession was not as innocent as claimed and that the money was to be used for more nefarious purposes; accordingly, the hearing officer imposed a penalty of 45 days'

keeplock, 45 days' loss of commissary, phone calls and package privileges, and 90 days' loss of good time. In the circumstances as found, this punishment was not unduly harsh or excessive. The judgment of Special Term dismissing petitioner's application should, therefore, be affirmed.

Judgment affirmed, without costs. Casey, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mikoll, J. Mikoll, J. (dissenting).

We respectfully dissent. In dismissing the petition, Special Term found the reasons articulated by the hearing officer for denial of the prisoner's request to call his brother as a witness in the disciplinary hearing to be adequate. We disagree. There should be a reversal of the judgment and the determination of the Superintendent's proceeding annulled, with all references thereto expunged from petitioner's record.

The regulation allowing an inmate to call a witness on his behalf permits the inmate to exercise this right provided that "doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [a]). There was no showing here that calling the witness would violate this rule. Although it is not necessary to call witnesses whose testimony may be redundant and unnecessary, such is not the case here. The hearing officer's conclusion that the testimony of petitioner's brother was not necessary is belied by the fact that the testimony of this witness was central to petitioner's contention that his possession of the money was innocent and that he was going to return it to the visitor. Also, we note that in imposing the penalty, the hearing officer stated that the reason for imposing the penalty was that "[p]ossession of large amounts of money by an inmate is indicative of something deeper". Evidence of mitigating circumstances is relevant to a person's disciplinary hearing (*Matter of De Mauro v LeFevre*, 91 AD2d 1156). We therefore conclude that, under the instant circumstances, petitioner's right to due process was violated.