OPINION OF THE COURT
Loren N. Brown, J.
The petitioner seeks an order reversing and annulling the disposition of a superintendent’s proceeding held at the Clinton Correctional Facility, and requiring that all references to said proceeding and the records upon which it is based be expunged from petitioner’s institutional and departmental files. The petition is, in all respects, opposed.
The facts which gave rise to this action are not in dispute. The petitioner is an inmate at the Clinton Correctional Facility. On the evening of February 25, 1985, petitioner positioned himself under his bed and began screaming. Correctional Officer F. J. Rybaczyk ordered the petitioner to stop screaming, and thereafter quietus followed with intermittent outbursts of screaming by petitioner throughout the night. A misbehavior report was issued charging petitioner with the rule violations of failure to obey an order and disturbing the order of the facility. On the morning of February 26, 1985, approximately eight to nine hours after the first report was *1017 completed, the petitioner was the object of a second misbehavior report. The second report alleged that at 8:30 a.m., while being escorted to the mental health satellite unit of the prison hospital, the petitioner assaulted Correctional Officer White-house and destroyed the officer’s uniform. Petitioner was further charged with assault and destruction of State property. Following the incident, petitioner was taken to the prison hospital for treatment of lacerations and then to the psychiatric unit. With the exception of brief periods, he was retained at the psychiatric unit until April 12, 1985. Notes made shortly after his admission by M. Brockhaus, psychologist II, in pertinent part, read: " 'ER(emergency) from Annex’ kept inmates up all night 'hollering, screaming insane laughing.’ 'Screaming and shouting.’ In process of escorting him to MHSU there was an altercation. Trujillo was sutured (injury to forehead). Accident report and medical exam complete. In interview this inmate is subdued, alert, cooperative. Oriented poorly to time * * * Denies hallucinations but stated 'when I talk to you next God will be speaking to you.’ Then he began to vocalize incoherently for a few minutes and stated 'Did you understand that.’ At this point appears exaltative. Speech clear and for most part coherent (except for speaking in tongues). Denies suicidal ideation. Thought content-continues with religious preoccupation. Appetite 'good.’ Sleep 'good’ (according to C.O. reports he didn’t sleep at all last night)”.
The tier III hearing on all charges was held on April 19, 1985. The hearing officer dismissed the charges of refusing to obey a direct order and disturbing the order of the facility, because of the information supplied by the mental health satellite unit which indicated that petitioner’s deteriorating mental health was a causal factor. The more serious charges of assault and destroying State property were affirmed in order to discourage such behavior.
This court determines that the guilty finding of the hearing officer on the more serious charges is inconsistent with the not guilty finding of the less serious charges, and must be set aside. From an examination of the hospital notes, it is apparent that any determination by the mental health unit that the petitioner’s lack of mental health was a causal factor in his misbehavior should apply equally to all charges. The petitioner may not be adjudged rational in regard to the second set of charges merely because the acts allegedly committed were of a more serious nature, requiring discouragement.
The court has examined the remaining contentions of the *1018 petitioner and finds them to be without merit. Accordingly, the petition is granted to the extent that the guilty finding resulting from the superintendent’s hearing is reversed and annulled. The court declines to expunge petitioner’s prison record, including hospital records, concerning these charges.