■ In the Matter of LENNY CORNISH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Evidence adduced at a Superintendent's proceeding disclosed that, on March 12, 1985 at Clinton Correctional Facility, a correction officer smelled marihuana smoke in a showroom area where petitioner was present. His glossy red eyes, garbled speech and vagueness of manner led the officer to suspect that petitioner had been using marihuana in violation of a disciplinary rule prescribed by the Department of Correctional Services (DOCS). A sample of his urine was requested

and taken three days later; twice it tested positive for cannabinoid. In the half-hour interval between performance of those tests, a misbehavior report was prepared charging petitioner with the illicit use of drugs. The charge was sustained and a penalty of 90 days' keeplock, loss of good time and other privileges was imposed. After exhausting his administrative appeals, petitioner commenced the instant proceeding.

In arriving at his disposition, the hearing officer relied upon both the urinalysis test results and the correction officer's observations. However, the urinalysis results were improperly received in evidence for they were not obtained in accordance with DOCS own rule, which requires that "[i]f a positive result is obtained, the apparatus shall be recalibrated and a second test shall be performed on the same sample". It is uncontroverted that no such recalibration occurred in this case. That failure of compliance rendered the test results inadmissible *(see, Matter of Martin v Coughlin,* 90 AD2d 946; *Matter of Johnson v Smith,* 83 AD2d 721, 722; *see also, Matter of Shipman v Coughlin,* 98 AD2d 823, 824). We confirm, nevertheless, because the observations of the correction officer who initially suspected petitioner's drug usage are sufficient to sustain the determination.

Determination confirmed, and petition dismissed, without costs. Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

Mahoney, P. J., dissents in a memorandum. Mahoney, P. J. (dissenting). I agree with the majority that the urinalysis test results were improperly received into evidence. However, observations of the correction officer were in no way sufficient to sustain the determination. Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Burgos v Coughlin,* 108 AD2d 194, 196, *lv denied* 66 NY2d 603). The observations of the correction officer, while consistent with the use of marihuana by petitioner, do not, standing alone, support such a conclusion. Indeed, if such observations were sufficient, there would be no need for prison authorities to resort to urinalysis or any other reliable tests.