OPINION OF THE COURT
Kenneth H. Lange, J.
This is a CPLR article 78 proceeding wherein petitioner seeks an order annulling a Superintendent’s hearing disposition dated February 17, 1987; expunging all records pertaining thereto; and restoring petitioner to the status he had prior to this Superintendent’s hearing.
*606 On February 4, 1987, petitioner Everett Batthany, an inmate at the Fishkill Correctional Facility, was transported from the Fishkill prisoners mental health unit to the Green Haven psychiatric satellite unit for a 10-day treatment program. Correction Officer Thomas J. Davis, 1 of 2 transporting correction officers, filed an inmate misbehavior report dated February 4, 1987 alleging that Mr. Batthany attempted to escape from the transporting van on two occasions while en route from Fishkill to Green Haven. First, Batthany attempted to open the side door of the van with his shoulder, and then attempted to open the rear door.
On February 10, 1987, Hearing Officer Captain Carol Reynolds presided over a Superintendent’s disciplinary hearing which was commenced at the Green Haven Correctional Facility and concluded at the Fishkill Correctional Facility on February 17, 1987. At the hearing, Batthany asserted that he was not responsible for his actions due to his mental condition. Specifically, Batthany claimed he was insane and not "functioning normal.” Evidence was received from inmate Batthany and Correction Officer DelBianco. In the transporting van, Batthany told Correction Officer DelBianco "I can’t look at you when you shoot me.” Apparently, Batthany was under the impression that he would be shot.
On February 17, 1987, Hearing Officer Captain Reynolds found Batthany guilty of attempted escape. Captain Reynolds concluded that: "It was ascertained from the PSU [psychiatric satellite unit] at Green Haven that Inmate was capable of understanding the charges and was responsible for his actions.” This conclusion was based upon off-the-record conversations that Hearing Officer Reynolds had with "people” from the Green Haven psychiatric unit. Hearing Officer Reynolds informed Batthany that, "They assured me that you were most responsible for your behavior, and that you should be held accountable for your behavior.”
Inmate Batthany appealed Hearing Officer Reynolds’ decision of February 17, 1987. In support of his appeal, Batthany submitted a letter dated February 18, 1987 from Dr. Lawrence K. Sweeney, chief, psychiatric unit, Green Haven Correctional Facility, stating that "he [Everett Batthany] is not responsible for his actions,” and a letter dated March 12, 1987 from psychiatric social worker Cheryl H. Herman, Fishkill Correctional Facility, stating, "[I] * * * can find no reasonable justification for treating this as a legitimate escape attempt.” On April 28, 1987, the Commissioner of the Department of *607 Correctional Services modified the disposition of February 17, 1987 by reducing Batthany’s punishment to six months’ special housing unit and six months’ loss of good time.
Thereafter, petitioner Batthany commenced the instant article 78 proceeding. Petitioner contends that the defense of insanity bars prison disciplinary punishment for attempted escape and that consideration of off-the-record evidence by Hearing Officer Reynolds violated his regulatory and due process rights. Respondents contend that Hearing Officer Reynolds did not violate the regulatory or due process rights set forth in 7 NYCRR 254.6 (b) or (c) when she made inquiry to mental health professionals at the Green Haven psychiatric satellite unit; that mental disease is not a defense to prison disciplinary charges; and that Batthany failed to call any witnesses to support his position of not responsible by mental disease.
An inmate at a Superintendent’s hearing has a right to respond to all evidence presented at the hearing. 7 NYCRR 254.6 (b) and (c) read as follows:
"Upon receipt of a misbehavior report from the review officer, the hearing officer shall commence the superintendent’s hearing as follows * * *
"(b) The inmate shall be present at the hearing unless he refuses to attend, or is excluded for reason of institutional safety or correctional goals. The entire hearing must be electronically recorded.
"(c) The inmate when present may reply orally to the charge and/or evidence and shall be allowed to submit relevant documentary evidence or written statements on his behalf.” (Emphasis added.)
Batthany’s right to confront evidence presented at the hearing was violated when Hearing Officer Reynolds conducted off-the-record conversations with individuals from the Green Haven psychiatric satellite unit. Based upon these conversations, Hearing Officer Reynolds concluded that Batthany was mentally responsible for his actions. Batthany, however, was not afforded an opportunity to confront these witnesses by either cross-examination or documentary evidence. It is error for a Hearing Officer to consider off-the-record evidence. (See, Matter of Hill v LeFevre, 124 AD2d 383, 385.)
Accordingly, this petition is granted to the extent that the *608 disposition of February 17, 1987 is annulled; that all records pertaining thereto are expunged; and that respondents are directed to rehear the allegations set forth in the misbehavior report dated February 4, 1987. Upon failure to rehear this matter, petitioner will be restored to the status he enjoyed prior to the Superintendent’s hearing of February 17, 1987.
Upon a rehearing, the presiding Hearing Officer at the Superintendent’s hearing must not base his or her decision upon off-the-record evidence. All conclusions must be based upon the facts presented at the Superintendent’s hearing.
This court is not required to address inmate Batthany’s constitutional claim that he be permitted to interpose a defense of not responsible by reason of mental disease or defect. The Court of Appeals in People v Felix (58 NY2d 156, 161) stated: "It is hornbook law that a court will not pass upon a constitutional question if the case can be disposed of in any other way * * * it could have and should have avoided deciding the due process issue.”
However, this court must not overlook the fact that at a rehearing defendant in all likelihood will want to interpose the affirmative defense of not responsible by reason of mental disease or defect. I, therefore, make the following observations.
In a criminal prosecution, a defendant is permitted to raise the affirmative defense of not responsible by reason of mental disease or defect. (See, Penal Law § 40.15 [eff Nov. 1, 1984].) The Supreme Court, Clinton County, in Matter of Trujillo v LeFevre (130 Misc 2d 1016, 1017 [1986]) set aside a Superintendent’s disciplinary hearing determination and held that an inmate’s lack of mental health is a "causal factor in his misbehavior”.
The Appellate Division in People ex rel. Newcomb v Metz (64 AD2d 219, 222) found "the interests of fundamental fairness mandate a consideration of a person’s mental competency” at a parole revocation hearing. It has also been held by the Appellate Division that a defense of justification can be a bar to prison disciplinary charges. (See, Matter of Burgos v Coughlin, 108 AD2d 194.) "[E]vidence of * * * mitigating circumstances is [also] relevant in a prison disciplinary proceeding”. (Matter of De Mauro v LeFevre, 91 AD2d 1156, 1157.)
*609 Upon a rehearing of this matter, inmate Batthany should be permitted to interpose the affirmative defense of not responsible by reason of mental disease or defect. Batthany will have the burden of establishing this affirmative defense by a preponderance of the evidence. (See, Penal Law § 25.00 [2].)