*749 OPINION OF THE COURT
Robert C. Williams, J.
The above-captioned petition is brought pursuant to CPLR article 70 for a writ of habeas corpus. Respondents make this motion, pursuant to CPLR 3211 (a) (7), to dismiss the petition, and for "other relief’, including the appointment of a guardian ad litem for the relator in this matter, George Gittens.*
Preliminarily, the court deems respondents’ submissions in this proceeding to constitute a return, in accordance with CPLR 7008. The writ of habeas corpus is meant to be an expeditious summary proceeding that tolerates no delay except of necessity (see, People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197 [1986]). The court must summarily dispose of the proceeding as justice requires (see, CPLR 7009 [c]).
Gittens is currently serving a 7-to-14-year sentence at Sullivan Correctional Facility for two counts of armed robbery in the second degree. From the record, it is both clear and uncontroverted that the prisoner in question suffers from chronic, severe psychiatric disorders, including chronic paranoid schizophrenia and schizoaffective disorder. Since the inception of his incarceration in 1981, Gittens has been committed to the Central New York Psychiatric Center 17 times. He apparently is, and has been, receiving various forms of psychotherapy and antipsychotic medications. The record also indicates that Sullivan Correctional Facility was aware of Gittens’ mental condition, and on at least three occasions, his condition was taken into account in the disposition of prison disciplinary proceedings. Gittens had 10 additional disciplinary proceedings held against him between 1983 and 1988, in which a total of 11V2 months of good behavior allowances (good time) were recommended to be taken from him as punishment upon determinations of guilt as to various charged acts of misbehavior. There is no indication that Gittens’ mental condition was considered in any way at these hearings.
Pursuant to Department of Correctional Services regulations, Gittens was scheduled for a time allowance committee hearing on November 17, 1988. The time allowance committee approved the recommended loss of good time "since the inmate refused to appear before the Committee.” On February *750 10, 1989, Gittens administratively appealed from all disciplinary proceedings, which resulted in recommended loss of good time, as well as the time allowance committee’s determination. On March 8, 1989 respondent Coughlin’s designee, Donald Selsky, declined to restore any good time but directed a rehearing before the time allowance committee in June of 1989. This petition followed.
It is argued that Gittens should have been released from prison confinement upon his conditional release date of March 14, 1989, notwithstanding the determination of the time allowance committee, since YlVi months of good time were taken from him as the result of disciplinary proceedings conducted illegally, in violation of due process.
Respondents counter that the final decision on the amount of good time to award a prisoner rests with the time allowance committee, in accordance with the criteria set forth in Correction Law § 803, and that the committee’s November 17, 1988 decision and the administrative appeal decision of February 10, 1989 are reviewable in a CPLR article 78 proceeding. The correctness of an underlying superintendent’s proceeding is not an issue with which the time allowance committee is concerned (People ex rel. Jelich v Smith, 105 AD2d 1125 [4th Dept 1984]).
The petition herein, however, seeks to challenge 10 disciplinary hearings which resulted in a recommended loss of good time. The court finds, in light of recent case law, that the disciplinary proceedings at issue were invalid, and should be expunged (Matter of Irvin v Kuhlman, Sup Ct, Sullivan County, Jan. 6, 1989, Williams, J.; People ex rel. Reed v Scully, 140 Misc 2d 379 [Sup Ct, Oneida County 1988]; see, also, Matter of Trujillo v LeFevre, 130 Misc 2d 1016 [Sup Ct, Clinton County 1986]). At every hearing complained of, Git-tens was charged with confrontative behavior similar to that for which he had been receiving psychiatric treatment. Git-tens’ mental illness was not taken into account, nor was there any consideration of whether he was competent to participate in the hearing process. The extreme extent of Gittens’ periodically unresponsive and withdrawn behavior is well documented in the record. Indeed, most of his 17 commitments to Central New York Psychiatric Center were related to episodes of this behavior. Yet Gittens’ nonattendance at many of the complained of hearings never prompted respondents to evaluate his competence.
*751 Under the facts in this case, the appropriate remedy concerning the invalid superintendent’s proceedings is ex-pungement (see, Matter of Hartje v Coughlin, 70 NY2d 866 [1987]; Matter of Cunningham v LeFevre, 130 AD2d 809 [3d Dept 1987]). Accordingly, all good time lost as a result of these hearings is restored.
The dispositive issue in this matter, however, is whether a prisoner has a right to be credited with all potential good time unless lost at disciplinary hearings. The court finds that a prisoner has no such right or expectation. In Matter of Amato v Ward (41 NY2d 469, 473-474 [1977]), the Court of Appeals held: "The function of the time allowance committee, then, is not the investigation and punishment of particular acts of misconduct, charged or uncharged. Instead the time allowance committee evaluates the inmate’s prison record and recommends the amount of good behavior allowance to be granted not as a punitive sanction but as a standard measuring the progress, capacity, efforts, and achievement by the prisoner during his stay in prison (7 NYCRR 260.3, 261.2). The committee is not to act 'in accordance with any automatic rule, but shall appraise the entire institutional experience of the inmate and make its own determination’ (7 NYCRR 261.3 [e])”
Under these circumstances, this matter is remitted to the time allowance committee to review the prisoner’s status in view of the expungement of the aforementioned disciplinary proceedings (see, People ex rel. Jelich v Smith, supra).

 This request was later withdrawn by respondents.