■ In the Matter of SAMUEL HUGGINS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In April 1987, petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was involved in an incident in the prison yard which resulted in six misbehavior reports being filed against him. These reports alleged multiple violations of institutional rules including various counts of, among other things, rule 100.11 (fighting), rule 100.20 (creating a disturbance), rule 106.10 (refusal to obey a direct order), rule 104.11 (engaging in violent conduct) and rule 100.10 (assault). Thereafter, following observation of petitioner at the facility hospital, petitioner's bizarre behavior resulted in his being committed briefly to a psychiatric center on an emergency basis. Petitioner was returned to the facility a few days later and exhibited no mental illness at that time.

Thereafter, a Tier III Superintendent's hearing was conducted with petitioner pleading not guilty to the fighting charge and, with respect to the other charges, pleading not guilty with the explanation that he was having a nervous breakdown and was not in his right state of mind at the time of the incidents. Several of the witnesses that petitioner

requested to testify on his behalf were duly called and heard. Petitioner was subsequently found guilty of the violations as charged and was given a penalty of 180 days in a special housing unit, loss of privileges and 90 days' loss of good time. This determination was affirmed upon administrative review and petitioner commenced this CPLR article 78 proceeding, which was transferred to this court pursuant to CPLR 7804 (g).

Initially, petitioner claims that the challenged determination was arbitrary and capricious or unsupported by substantial evidence. While petitioner does not deny his participation in the incidents serving as a basis for the disciplinary proceeding, he contends that the determination cannot be sustained because he was undergoing a nervous breakdown or psychotic episode at the time of the incident and was unable to understand or appreciate the nature or consequences of his actions.

In support of his position, petitioner fails to cite any statutory or regulatory authority providing that the affirmative defense of mental disease or defect is available in a disciplinary proceeding. However, recent case law has supported the proposition that, in the context of a prison disciplinary hearing, the Hearing Officer is required to consider the prisoner's mental condition in making the disciplinary disposition when the inmate's mental state is at issue (see, e.g., People ex rel. Gittens v Coughlin, 143 Misc 2d 748; People ex rel. Reed v Scully, 140 Misc 2d 379; Matter of Batthany v Scully, 139 Misc 2d 605; Matter of Trujillo v LeFevre, 130 Misc 2d 1016; cf., People ex rel. Newcomb v Metz, 64 AD2d 219 [parole revocation proceeding]). That principle is in conformity with the well-established proposition that evidence in mitigation of the penalty to be imposed or that which raises a possible excuse defense to the charged violation is relevant and material in a disciplinary proceeding (Matter of Coleman v Coombe, 65 NY2d 777, 780; see, Matter of Hobson v Coughlin, 137 AD2d 940, 941).

Here, it is clear upon the record that the Hearing Officer properly considered petitioner's mental condition at the time of the incident and gave petitioner a full and complete opportunity to develop his defense. Petitioner presented five witnesses who testified as to petitioner's mental state on the day in question. Three of them were facility employees and one was a nurse representing the Mental Health Unit who testified both from personal knowledge and from Mental Health Unit records. It is significant that while the gravamen of the testimony established that petitioner was agitated, preoccu-

pied and not himself on the day of the incident, the Hearing Officer could have reasonably concluded that petitioner was not suffering from a psychotic breakdown at the time he committed the acts for which he was charged. Therefore, the mitigating evidence was insufficient to warrant the conclusion that petitioner was not responsible for his actions. It should be noted that the penalty imposed upon petitioner was relatively lenient considering the many serious charges against petitioner. Moreover, it provided for suspension after 60 days if petitioner's behavior warranted this action. It cannot be said that petitioner's evidence was ignored by the Hearing Officer as argued by petitioner.

Finally, we reject petitioner's contention that his due process and regulatory rights to call two additional witnesses on his behalf at the hearing were violated. The record establishes that petitioner replied affirmatively when questioned as to whether he wished to waive the testimony of the witnesses in question and he further signed the hearing record sheets to that effect. In light of this knowing waiver (see, Matter of Harris v Coughlin, 116 AD2d 896, lv denied 67 NY2d 1047), we cannot find that petitioner's rights were violated.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.