Matter of Haynes v Annucci (2018 NY Slip Op 03008)





Matter of Haynes v Annucci


2018 NY Slip Op 03008


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


498 CA 17-00593

[*1]IN THE MATTER OF THEODORE HAYNES, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered February 6, 2017 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted, the determination finding that petitioner violated inmate rules 100.11 (7 NYCRR 270.2 [B] [1] [ii]), 104.11 (7 NYCRR 270.2 [B] [5] [ii]), 104.13 (7 NYCRR 270.2 [B] [5] [iv]), 106.10 (7 NYCRR 270.2 [B] [7] [i]), 107.10 (7 NYCRR 270.2 [B] [8] [i]), and 113.10 (7 NYCRR 270.2 [B] [14] [i]) is annulled, and respondent is directed to expunge from petitioner's institutional record all references to the violation of those inmate rules.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. We agree with petitioner that Supreme Court erred in dismissing his petition. As respondent correctly concedes, the Hearing Officer erroneously refused to consider evidence of petitioner's mental condition. "When an inmate's mental state or intellectual capacity is at issue, a hearing officer shall consider evidence regarding the inmate's mental condition or intellectual capacity at the time of the incident and at the time of the hearing in accordance with this section" (7 NYCRR 254.6 [b]). An inmate's mental state is deemed to be at issue where, as here, "the hearing was delayed or adjourned, after an extension of time was obtained . . . , because the inmate became an inpatient" at the Central New York Psychiatric Center (7 NYCRR 254.6 [b] [1] [viii]). Because nearly three years have passed since the incident, "underscor[ing] the difficulty of insuring a due process hearing to [petitioner] at this time," and petitioner has already served the period of confinement in the special housing unit that was imposed as part of the penalty, remittal for a new hearing is unwarranted (Matter of Justice v Smith , 69 AD2d 1018, 1018 [4th Dept 1979]). We therefore grant the petition by annulling the determination finding that he violated the inmate rules, and we direct respondent to expunge from his institutional record all references to those violations.
In light of our determination, we need not consider petitioner's remaining contentions.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court